

FILED
VANESSA L. ARMSTRONG

JUN 2 5 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL NO. 3:19-cr-209-DJH

ROCKY W. GANNON                                            DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Russell M. Coleman, United States Attorney for the Western District of

Kentucky, and defendant, Rocky W. Gannon, and his attorney, Mark Hall, have agreed upon the

following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 18, United States Code, Sections 1343 and 513(a). Defendant further

acknowledges that the Indictment in this case seeks forfeiture of any property, real or personal,

which constitutes or is derived from proceeds obtained directly or indirectly, as the result of any

such violation, including but not limited to a money judgment for the amount of proceeds

defendant derived, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), by reason of the offenses charged in Counts 1through 3 of

the Indictment.

2.      Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney. Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to Counts 1 through 12 in this case.

Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the

following factual basis for this plea:

From on or about February 8, 2016 to on or about January 22, 2018, in the Western District of Kentucky, Hardin County, Kentucky, and elsewhere, **ROCKY W. GANNON**, the defendant herein, devised and intended to devise a scheme to defraud Union A, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. For the purpose of executing said scheme, **ROCKY W. GANNON**, knowingly caused wire communications to be transmitted in interstate commerce.

As the former executive vice president and former president of Union A, **ROCKY W. GANNON** was in a positon of trust among the approximately 984 members of the chapter, had a union credit card, and had access to the union's bank account.

From on or about February 8, 2016 to on or about January 22, 2018, in the Western District of Kentucky, Hardin County, Kentucky, **ROCKY W. GANNON**, made 1,736 personal charges on his union credit card and authorized 48 electronic payments to his credit card accounts from the union's checking account without authorization from Union A to do so. **ROCKY W. GANNON** also wrote and sometimes forged co-signatures on unauthorized union checks payable to himself.

In furtherance of his scheme, **ROCKY W. GANNON** also made material misrepresentations by creating false records to hide his activity. **ROCKY W. GANNON** created expense vouchers for false union purchases and created false invoices from vendors for 47 of the 48 electronic payments he made.

On or about each of the dates set forth below, in the Western District of Kentucky, Hardin County, Kentucky, and elsewhere, the defendant, **ROCKY W. GANNON**, for the purpose of executing the scheme to defraud, and attempting to do so, caused to be transmitted by means of wire communications in interstate commerce the signals and sounds described below for each count:

| Count | Date | Description of Wire |
|-------|------|---------------------|
| 1 | 2/11/2016 | Funds in the amount of $3,000.00 were drawn on Union A's bank account for check #8850 payable to **ROCKY W. GANNON** which caused an interstate wire transaction to be initiated inside the Western District of Kentucky to outside of Kentucky. |
| 2 | 7/27/2016 | Unauthorized payment in the amount of $4,213.39 from Union A's bank account initiated by **ROCKY W. GANNON** to pay the bill for unauthorized purchases made with **ROCKY W. GANNON's** union credit card which caused an interstate wire transaction to be initiated inside the Western District of Kentucky to outside of Kentucky. |

| 3 | 6/26/2017 | Unauthorized payment in the amount of $3800.00 from Union A's bank account initiated by **ROCKY W. GANNON** to pay the bill for unauthorized purchases made with **ROCKY W. GANNON's** union credit card which caused an interstate wire transaction to be initiated inside the Western District of Kentucky to outside of Kentucky. |

From on or about February 8, 2016, to on or about August 28, 2017, in the Western District of Kentucky, Hardin County, Kentucky, **ROCKY W. GANNON**, defendant herein, did knowingly make, utter, or possess forged securities of an organization, that is, Union A, affecting interstate commerce, namely forged Union A checks drawn on United Bank, on or about the dates and in the amounts listed in the chart below, with the intent to deceive another person or organization, to wit:

| COUNT | CHECK # | CHECK DATE | POSTED DATE | CHECK AMOUNT |
|-------|---------|------------|-------------|--------------|
| 4 | 8673 | 2/8/2016 | 02/11/2016 | $250.00 |
| 5 | 8760 | 6/8/2016 | 06/14/2016 | $300.00 |
| 6 | 8850 | 8/29/2016 | 08/29/2016 | $3,000.00 |
| 7 | 8876 | 10/7/2016 | 10/14/2016 | $200.00 |
| 8 | 8888 | 10/12/2016 | 10/19/2016 | $400.00 |
| 9 | 8898 | 10/19/2016 | 10/25/2016 | $400.00 |
| 10 | 8960 | 1/2/2017 | 01/09/2016 | $400.00 |
| 11 | 9164 | 6/9/2017 | 06/09/2017 | $600.00 |
| 12 | 9234 | 8/24/2017 | 08/28/2017 | $700.00 |

4.      Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 150 years, a combined maximum fine of $3,000,000.00, and a three year term of supervised release. Defendant understands that an

3

additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as the result of any such violation, including but not limited to a money judgment for the amount of proceeds defendant derived, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), by reason of the offenses charged in Counts 1 through 3 of the Indictment..

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

4

7.    Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either
before, during, or after sentencing. Defendant admits all acts and essential elements of the
indictment counts to which he pleads guilty.

9.      Defendant agrees that the amount of restitution ordered by the Court shall include
Defendant's total offense conduct, and is not limited to the counts of conviction. The parties
agree and stipulate that Defendant shall pay restitution in the amount of $116,353.76. The
parties agree that the restitution shall be ordered due and payable on the date of sentencing.
Defendant agrees that any payment schedule imposed by the Court is without prejudice to the
United States to take all actions available to it to collect the full amount of the restitution at any
time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene
Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or
on behalf of the following victim:

| Victim | Amount |
|--------|--------|
| Union A | $116,353.76 |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant
shall provide to the United States, under penalty of perjury, a financial disclosure form listing all
Defendant's assets/financial interests. Defendant authorizes the United States to run credit
bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States
to obtain Defendant's financial records. Defendant understands that these assets and financial
interests include all assets and financial interests in which Defendant has an interest, direct or
indirect, whether held in Defendant's own name or in the name of another, in any property, real
or personal. Defendant shall also identify all assets valued at more than $5,000 which have been
transferred to third parties since the date of the first offense, including the location of the assets

and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $1200 to the United States District Court Clerk's Office by the date of sentencing.

7

11.    At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 2 to 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-stipulate that amount of loss involved in this case is $116,353.76

12.    Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined shall be determined

upon completion of the presentence investigation.

B.    The Criminal History of defendant shall be determined upon

completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history.  The parties agree to not seek a departure from the

Criminal History Category pursuant to §4A1.3.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

C.    The foregoing statements of applicability of sections of the

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

the Court does not agree with either the statement of facts or Sentencing

Guideline application.

13.    Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742

affords a defendant the right to appeal the sentence imposed.  Unless based on claims of

ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack

his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant

specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which

the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall

within the scope of the statutes.

14.    Defendant agrees to waive any double jeopardy challenges that defendant may

have to any administrative or civil forfeiture actions arising out of the course of conduct that

provide the factual basis for this Indictment.  Defendant further agrees to waive any double

jeopardy challenges that defendant may have to the charges in this Indictment based upon any

pending or completed administrative or civil forfeiture actions.

15.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and

understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at

sentencing the Court will have the benefit of all relevant information.

9

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

19.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course

10

of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

22.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

Corinne E. Keel                                             6/23/20
Assistant United States Attorney                            Date

11

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          6-24-2020
Rocky W. Gannon                           Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          6-24-2020
Mark Hall                                 Date
Counsel for Defendant


RMC:cek

12