UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                          CRIMINAL NO. 3:19-cr-209-DJH

ROCKY W. GANNON                                          DEFENDANT

<u>**SENTENCING MEMORANDUM**</u>
*-Electronically Filed-*

The United States, by counsel, Assistant United States Attorney, Corinne E. Keel, files its

sentencing memorandum for the sentencing of Rocky W. Gannon scheduled for October 1, 2020

at 11:30 a.m. in Louisville, Kentucky.

**A. <u>STATEMENT OF FACTS</u>**

The United States agrees with the facts as presented in the presentence investigative

report for the defendant. [Presentence Investigation Report, DN 26 at ¶¶ 12-17.]

**B. <u>GUIDELINES</u>**

The presentence report correctly calculates the defendant's total offense level at 14, as

adjusted for his acceptance of responsibility. [*Id.* at ¶ 31.]

**C. <u>CRIMINAL HISTORY</u>**

The United States agrees with the presentence report that the defendant falls into criminal

history category I. [*Id.* at ¶ 35.]

**D. <u>SENTENCING FACTORS AND RECOMMENDATION</u>**

The plea agreement in this case provides for the United States to recommend a sentence

at the low end of the sentencing guidelines, a fine at the lowest end of the guideline range, and a

three-point reduction in offense level for the defendant's acceptance of responsibility.  The

parties agree that the defendant should be ordered to pay $116,353.76 to the victim, referred to as "Union A" in the Indictment [DN 1].  To that end, Mr. Gannon has cooperated with the United States Attorney's Office Financial Litigation Unit in completing a financial affidavit, submitting to a financial investigation, entering into an Agreed Order to make voluntarily early restitution payments, and has already begun make prejudgment restitution payments through the Financial Clerk of the Court.

As the plea agreement is pursuant to Rule 11(c)(1)(B), the defendant would not be allowed to withdraw his guilty plea if the court rejected the terms of the plea agreement.   Under the terms of the plea agreement, the defendant is not barred from seeking a downward departure or variance.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).  Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed:
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for--
    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
(5)  any pertinent policy statement--
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

The United States proposes that that a low-end guidelines sentence is appropriate and adequately serves the interest of justice in this case.  In making this recommendation, the United

2

States has taken into account the defendant's cooperation and acceptance of responsibility in the present case, along with other factors.

A theft of this magnitude is always serious and Mr. Gannon received a two-point enhancement under the guidelines for abuse of a position of trust because he was an officer of Union A at the time of the theft.  However, it is worthy of note that Mr. Gannon has not only taken responsibility for his conduct in pleading guilty, but has also opted to begin early payment of restitution and has voluntarily entered a payment plan to continue making payments after sentencing. [Agreed Order of Restitution, DN 27.]  Mr. Gannon has zero criminal history points, no arrests, and has been employed throughout his adult life, including lengthy military service in the United States Army from 1988 to 2009. [Presentence Investigation Report, DN 26 ¶¶ 35; 51-55.]  Mr. Gannon has been out of custody during the pendency of the present matter and has had no violations of pretrial conditions and has remained in contact with the United States via counsel.

A low-end guideline sentence adequately reflects the seriousness of the charged offenses, while taking into account the total circumstances of the present case.  It is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing, in accordance with 18 U.S.C. § 3553(a).

## <u>CONCLUSION</u>

The United States respectfully requests the Court sentence the defendant in accordance with the recommendation in his plea agreement.

Respectfully submitted,


RUSSELL M. COLEMAN
United States Attorney


*/s/ Corinne E. Keel*_____
Corinne E. Keel
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
Phone:  (502) 625-7041

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel.

*/s/ Corinne E. Keel*_____
Corinne E. Keel
Assistant U.S. Attorney